IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAX VISION, LLC, an Illinois limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED TAX SOLUTIONS, LLC, a Wyoming limited liability company and SQUIRE DAHL, an individual, <br><br> Defendants | Case No. 18-cv-5552 |

## COMPLAINT

TAX VISION, LLC complains of the Defendants ADVANCED TAX SOLUTIONS, LLC, and SQUIRE DAHL as follows:

### The Plaintiff

1. TAX VISION, LLC is an Illinois limited liability company with its principal place of business in Pekin, Illinois.

2. TAX VISION, LLC provides tax preparation and management software to its clients in Illinois and other states, including within this judicial district.

### The Defendants

3. Defendant ADVANCED TAX SOLUTIONS, LLC is a Wyoming limited liability company located in Laramie County, Wyoming.

4. Defendant SQUIRE DAHL is, upon information and belief, the sole owner and managing member of ADVANCED TAX SOLUTIONS, LLC. Upon information and belief, he resides in Wyoming.

1

5. SQUIRE DAHL has the ability to supervise and control ADVANCED TAX SOLUTIONS, LLC's activities, including those complained of.

6. Upon information and belief, SQUIRE DAHL benefits, monetarily and otherwise, from ADVANCED TAX SOLUTIONS, LLC's activities, including those complained of.

7. This Complaint refers to ADVANCED TAX SOLUTIONS, LLC and SQUIRE DAHL collectively as the "Defendants."

## Plaintiff's rights

8. TAX VISION, LLC is the owner of the TAX VISION mark and all common law trademark rights stemming from its use in commerce and its marketing efforts, when the Tax Vision mark is used to indicate the source of tax preparation software.

9. The TAX VISION mark has been in continuous use for nearly seventeen years and has been grown in strength and consumer recognition through marketing efforts.

10. TAX VISION, LLC is the owner of United States Patent and Trademark Office Registration Number 3927606, for "integrated suite of global tax management software."

11. The TAX VISION mark is distinctive.

12. Collectively, the registered mark and common law mark are referred to in this Complaint as the "TAX VISION Mark."

13. TAX VISION, LLC did not license the Defendants the right to use the TAX VISION Mark.

14. ADVANCED TAX SOLUTIONS, LLC acknowledged TAX VISION, LLC's ownership of the TAX VISION Mark in an agreement dated July 25, 2017.

## Jurisdiction and Venue

15. This is an action concerning trademark infringement, cybersquatting, unfair competition, and related state law courses of action.

16. This Court has jurisdiction over the trademark, unfair competition, and cybersquatting causes of action under 28 U.S.C. § 1331 in that this is a civil action arising under the laws of the United States.

17. This Court also has jurisdiction under 28 U.S.C. § 1338(a), in that this action arises under an Act of Congress relating to trademarks, and as to the Lanham Act unfair competition claim, under 28 U.S.C. §1338(b), in that the claim is joined with a substantial and related claim under the trademark laws of the United States. Their contacts with this district are continuous and systematic.

18. The Court has personal jurisdiction over the Defendants because they conduct business within this judicial district; upon information and belief, market to persons within this district; and upon information and belief, provide access to tax preparation software to persons within this judicial district. Their contacts with this judicial district are continuous and systematic.

19. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) as the claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

20. Venue is proper in this judicial district under 28 U.S.C. § 1391 because, upon information and belief, Defendants offer and market infringing services in this judicial district, provide access to tax preparation software to persons within this judicial district, and otherwise conduct and maintain business here.

## Background

21. TAX VISION, LLC provides its customers with access to tax software and bank settlement solutions.

22. Defendants are tax software vendors that provide access to tax preparation software and market that software to tax preparation businesses.

23. The goods and services provided by TAX VISION, LLC and Defendants are virtually identical.

3

24. On July 25, 2017, TAX VISION, LLC and ADVANCED TAX SOLUTIONS, LLC entered into a contract concerning licensing of tax preparation software with the software branded as TAX VISION, LLC software (the "Agreement").

25. According to the Internet Corporation for Assigned Names and Numbers, the Defendants registered the domain name www.app-taxvisioncloud.com (the "Infringing URL") in October 2016.

26. While the Agreement was in place, TAX VISION, LLC customers, and others went to the Infringing URL to access TAX VISION, LLC branded tax software.

27. Defendants were contacting TAX VISION, LLC's customers in violation of the Agreement.

28. On April 16, 2018, Defendants sent a notice of termination of the Agreement.

29. Thus, the Agreement terminated no later May 16, 2018.

30. Any limited, implied, license that the Defendants had to use the TAX VISION Mark, including with the Infringing URL, expired on May 16, 2018.

31. After the Agreement was terminated, Defendants continued to use the Infringing URL.

32. When going to the Infringing URL, consumers were automatically redirected to Defendants' products, located at www.app.mytaxprepoffice.com.

33. For some time, consumers going to the Infringing URL were not notified that they were no longer accessing TAX VISION, LLC products or software.

34. Later, when consumers attempted to log into the software available at, or redirected from, the Infringing URL, they received a message reading:

> The Tax Vision, LLC contract with MyTAXPrepOffice has ended. As a courtesy, we are currently holding your data from prior tax seasons. We're offering you the same great software with perks only we, as the software developer, can give.
> - Don't worry about learning to use a new tax software program – you already know it
> - NO conversions needed
> - Use the same login information
> - Lock in your price with our Lifetime Price Guarantee
> - Enjoy the stability of dealing directly with the software developer and no third-party fees

4

> Please call us at 308 414 1211 to renew your contract with My TAXPrepOffice and get your software reactivated. We look forward to partnering with you for the upcoming tax season.

35. Upon information and belief, the Defendants are attempting to convert TAX VISION, LLC customers to their customers through use of the TAX VISION Mark within the Infringing URL.

36. By holding TAX VISION, LLC customers' data hostage, especially business users that might have dozens of individuals with separate sets of data on the system, the Defendants are, upon information and belief, attempting to take TAX VISION, LLC customers who do not want to incur the time and expense associated with manually re-entering withheld data.

37. The Defendants' own Terms of Service explain that customer data belongs to the customer. In § 5.2, the terms read:

> The Data entered into the Software remains your property. However, it is required that your fees are fully paid when due in order to access the Data. You allow the Company to use your information and Data for any purpose related to provision of services, including providing you access to and usage of the Software. See Section 15.2 regarding the use of your Data.

Terms and Conditions of Use, https://mytaxprepoffice.com/terms-of-use (last accessed August 10, 2018).

38. On June 14, 2018, the Defendants were notified of their violation of TAX VISION, LLC's trademark rights.

39. On July 3, 2018, the Defendants were again reminded of their trademark infringement and unfair competition.

40. Despite these notices, Defendants persisted in their action constituting infringement, unfair competition, cybersquatting, and state claim violations.

**Count I
Trademark Infringement
15 U.S.C. § 1114**

41. TAX VISION, LLC incorporates all of the foregoing allegations as if restated here.

42. The Defendants used and directly benefited from use of the TAX VISION Mark within the Infringing URL.

43. The Infringing URL contains the TAX VISION Mark.

44. Upon information and belief, consumers understand that the word "app" stands for "application" and "cloud" refers to the storage and access to programs and data through the internet rather than a computer's hard drive.

45. Upon information and belief, consumers are unlikely to place any significance on the terms "app" or "cloud" in the Infringing URL.

46. The dominant portion of the Infringing URL is the TAX VISION Mark.

47. Use of the TAX VISION Mark in the Infringing URL is use "in commerce" within the meaning of the Trademark Act of 1946, as amended.

48. The Defendants' use of the TAX VISION Mark within the Infringing URL was in connection with the sale or advertising of its goods or services and was likely to cause confusion as to the source, sponsorship, affiliation, or approval of the goods or services.

49. The current use of the TAX VISION Mark within the Infringing URL causes initial interest confusion.

50. The Defendants are attempting a bait and switch with consumers.

51. The Defendants are currently using the TAX VISION Mark, and playing off of its good will, in an attempt to convert consumers.

52. Upon information and belief, the Defendants' actions were and are willful, knowing, and intentional.

53. TAX VISION, LLC has been damaged by these infringing activities at an amount to be determined through discovery.

54. Unless enjoined by the Court, the infringing activities will continue unabated and will continue to cause harm to Plaintiffs for which there is no adequate remedy at law.

### Count II
### Unfair Competition Under 15 U.S.C. § 1125(a)

55. TAX VISION, LLC incorporates all of the foregoing allegations as if restated here.

56. The use of the TAX VISION Mark within the Infringing URL, after the agreement's termination, but before any notice that customers were not accessing TAX VISION, LLC products or services was likely to cause confusion or mistake to believe that ADVANCED TAX SOLUTIONS, LLC was connected to, associated with, or affiliated with TAX VISION, LLC or that ADVANCED TAX SOLUTIONS, LLC's good or services were sponsored or approved by TAX VISION, LLC.

57. Upon information and belief, the Defendant's actions were willful, knowing, and intentional.

58. TAX VISION, LLC has been damaged by these infringing activities in an amount to be determined through discovery.

### Count III
### Cyber-squatting under 15 U.S.C. § 1125(d)

59. TAX VISION, LLC incorporates all of the foregoing allegations as if restated here.

60. As explained above, the Defendants continue to use the TAX VISION Mark within the Infringing URL.

61. Defendants use a domain name that is identical or confusingly similar to the TAX VISION Mark.

62. When consumers attempt to log into the software available at, or redirected from the Infringing URL, they receive a message attempting to convert them from TAX VISION, LLC customers to Defendant's customers.

63. This harms the goodwill represented by the TAX VISION Mark.

64. Upon information and belief, Defendants' actions have been for commercial gain and in a bad faith intent to profit.

65. Defendants committed and continue to commit acts of cybersquatting in violation of 15 U.S.C. § 1125(d) by continuing to use the Infringing URL.

66. Upon information and belief, the Defendants' actions were and are willful, knowing, and intentional.

67. TAX VISION, LLC has been damaged by these infringing activities in an amount to be determined through discovery.

68. Unless enjoined by the Court, the infringing activities will continue unabated and will continue to cause harm to Plaintiffs for which there is no adequate remedy at law.

## Count IV
## Illinois Uniform Deceptive Trade Practice Act

69. TAX VISION, LLC incorporates all of the foregoing allegations as if restated here.

70. The use of the TAX VISION Mark within the Infringing URL, after the Agreement's termination, but before any notice that customers were not accessing TAX VISION, LLC products or services was likely to cause confusion or mistake to believe that ADVANCED TAX SOLUTIONS, LLC was connected to, associated with, or affiliated with TAX VISION, LLC or that ADVANCED TAX SOLUTIONS, LLC's good or services were sponsored or approved by TAX VISION, LLC.

71. Defendants' current use of the TAX VISION Mark within the Infringing URL continues to cause initial interest confusion.

72. Upon information and belief, Defendants have disparaged TAX VISION, LLC's goods and services by informing consumers that TAX VISION, LLC had shut down its operations.

73. Upon information and belief, the Defendants' actions were willful, knowing, and intentional.

74. TAX VISION, LLC has been damaged by these infringing activities in an amount to be determined through discovery.

75. Unless enjoined by the Court, the infringing activities will continue unabated and will continue to cause harm to Plaintiffs for which there is no adequate remedy at law.

## Count V
## Illinois Consumer Fraud and Deceptive Practices Act

76. TAX VISION, LLC incorporates all of the foregoing allegations as if restated here.

77. Section 505/2 of the Illinois Consumer Fraud and Deceptive Business Practices Act provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to…the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person in fact has been misled, deceived or damaged thereby.

815 ILCS 505/2.

78. The use of the TAX VISION Mark within the Infringing URL, after the Agreement's termination, but before any notice that customers were not accessing TAX VISION, LLC products or services was likely to cause confusion or mistake to believe that ADVANCED TAX SOLUTIONS, LLC was connected to, associated with, or affiliated with TAX VISION, LLC or that ADVANCED TAX SOLUTIONS, LLC's good or services were sponsored or approved by TAX VISION, LLC.

79. Defendants' current use of the TAX VISION Mark within the Infringing URL continues to cause initial interest confusion.

80. Therefore, Defendants used deceptive acts or practices as described in § 2 of the Uniform Deceptive Trade Practices Act.

81. TAX VISION, LLC has been damaged by these activities in an amount to be determined through discovery.

82. Unless enjoined by the Court, the infringing activities will continue unabated and will continue to cause harm to Plaintiffs for which there is no adequate remedy at law.

## Count VI
## Common Law Trademark Infringement and Unfair Competition

83. TAX VISION, LLC incorporates all of the foregoing allegations as if restated here.

84. The use of the TAX VISION Mark within the Infringing URL, after the Agreement's termination, but before any notice that customers were not accessing TAX VISION, LLC products or services was likely to cause confusion or mistake to believe that ADVANCED TAX SOLUTIONS, LLC was connected to, associated with, or affiliated with TAX VISION, LLC or that ADVANCED TAX SOLUTIONS, LLC's good or services were sponsored or approved by TAX VISION, LLC.

85. Defendants' current use of the TAX VISION mark within the infringing URL continues to cause initial interest confusion.

86. Upon information and belief, the Defendants' actions were willful, knowing, and intentional.

87. TAX VISION, LLC has been damaged by these infringing activities in an amount to be determined through discovery.

88. Unless enjoined by the Court, the infringing activities will continue unabated and will continue to cause harm to Plaintiffs for which there is no adequate remedy at law.

## Jury Demand

TAX VISION, LLC demands a trial by jury on all triable issues in accordance with Federal Rule of Civil Procedure 38.

## Prayer for Relief

WHEREFORE, TAX VISION, LLC requests that this Court enter judgment against ADVANCED TAX SOLUTIONS, LLC as follows:

A. Entering Judgment against ADVANCED TAX SOLUTIONS, LLC and SQUIRE DAHL (the "Defendants") and in favor of TAX VISION, LLC for all counts;

B. Finding that the Defendants activities were conducted willfully for profit;

C. Awarding TAX VISION, LLC profits and the damages resulting from Defendants infringing conduct;

D. Awarding TAX VISION, LLC profits and the damages resulting from Defendants' acts of unfair competition;

E. Awarding TAX VISION, LLC profits and the damages resulting from Defendants' cybersquatting, or in the alternative, statutory damages;

F. Awarding TAX VISION, LLC treble, punitive, or otherwise enhanced damages, as available, for Defendants' willful acts;

G. Granting TAX VISION, LLC preliminary and permanent injunctive relief against further infringement or false designations of origin by the Defendants, including use of the TAX VISION Mark, or any similar mark in any URL or in any other way connected with tax preparation software;

H. Ordering the Defendants to transfer and assign the registration for the domain www.app-taxvisioncloud.com and any other domains confusingly similar to TAX VISION, LLC's TAX VISION Mark to TAX VISION, LLC;

I. Finding that this case is an "exceptional case" under the Lanham Act;

J. Awarding TAX VISION, LLC its costs of suit and attorney's fees;

K. Granting TAX VISION, LLC such other and further relief as justice requires.

Respectfully submitted,
TAX VISION, LLC by,

/s/ Jonathan LA Phillips
Jonathan LA Phillips
Melissa N. Schoenbein
Shay Phillips, Ltd.
230 Southwest Adams Street
Suite 310
Peoria, Illinois 61602
Tel:   (309) 494-6155
Fax:   (309) 494-6156
Email: jphillips@shay-law.com
       mschoenbein@shay-law.com